74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elijah GRANT, Plaintiff-Appellant,
v.
David PFOLTNER, et al., Defendants-Appellees.
 No. 94-1019.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 11, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Elijah Grant appeals the district court's grant of summary judgment in favor of the defendants in a civil rights action alleging the violation of the Equal Protection Clause of the Fourteenth Amendment.[1] 42 U.S.C. Sec. 1983. He claims that certain disciplinary reprimands he received as a correctional counselor for the State of Illinois' Sheridan Correctional Center were racially motivated and that he was assigned the largest and the worst caseload of any counselor because he was the sole African-American on the counseling staff.
 
 
 2
 Grant did not properly contest the defendants' account of events as stated in their "Statement of Undisputed Facts." Local General Rule 12N(3)(b), Rules of the United States District Court for the Northern District of Illinois. See, e.g., Midwest Imports, Ltd. v. Coval, No. 95-1184, slip op. at 8-10 (7th Cir. Dec. 12, 1995). Therefore, it is deemed admitted that there was a miscount of the inmates in Grant's class on February 10, 1993 and that when Lieutenant Cook arrived to conduct a recount, Grant engaged in a loud conversation with the inmates in the class, making sarcastic comments and telling Cook to get the count number off the movement sheets in direct contravention of normal prison procedures. Because of these admissions, Grant's references in his motion for summary judgment and appellate brief to statements by the inmates averring that Grant told them to be quiet are irrelevant. Grant's only surviving claim on appeal is that such a violation of institutional policy is normally not disciplined and that he was found guilty solely because he is black.
 
 
 3
 After reviewing the record, we affirm for the reasons stated in the district court's memorandum opinion dated December 16, 1993.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Defendants Robert Acosta and Thomas Roth did not join in the motion for summary judgment, allegedly claiming that they were not properly served in this action. The docket sheet indicates that service was executed upon them on August 12, 1993. Because the district court found no constitutional violation in this case, it entered judgment in favor of Acosta and Roth. Grant does not contest the inclusion of Acosta and Roth in the judgment